**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JASON MORGAN, | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: 4:18-cv-1551 |
| | § | |
| v. | § | |
| | § | |
| CHERRY STREET APARTMENTS, | § | |
| LTD., and KWA CONSTRUCTION, | § | |
| L.P., | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Comes now Jason Morgan, ("Plaintiff") alleges as follows:

## I.
## INTRODUCTION

1.     Plaintiff Jason Morgan brings this action against Cherry Street Apartments, Ltd.,
and KWA Construction, L.P. ("Defendants") alleging violations of the Fair Housing Act, Title
VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988
(FHA), 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at Cherry Street Apartments
at Northgate, 200 Cherry Street, College Station, Texas 77840 (the "Property").

2.     Plaintiff seeks monetary, declaratory and injunctive relief arising from violations
of the accessibility requirements of the Fair Housing Act, Title VIII of the Civil Rights Act of
1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. § 3601-3619.
This statute requires that certain apartment complexes built for first occupancy after March 13,
1991 be designed and constructed with accessible and useable features for people with disabilities.

3.      Plaintiff is a handicapped veteran. He brings this civil rights action against the Defendants for failing to design and/or construct apartments with accessible and useable features for people with disabilities as required by the FHA. Defendants' apartment complex, Cherry Street Apartments at Northgate, is a multi-family dwelling that has numerous barriers to access. Therefore, Plaintiff seeks a declaration that Defendants' apartment complex violates federal law and an injunction requiring Defendants to comply with the requirements of the FHA.

4.      The Defendants' violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities, and rendered units and/or facilities unavailable to people with disabilities. Enforcement of the FHA against the Defendants is necessary because of the extensive nature of the civil rights violations at apartments designed, constructed and/or owned by the Defendants.

## II.
## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a).  Plaintiff asserts no state-law claims.

6.      Plaintiff's claims asserted herein arose in this judicial district and Defendants do substantial business in this judicial district.

7.      Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### III.
### PARTIES

8.      Plaintiff, Jason Morgan, is and, at all times relevant hereto, was a resident of the State of Texas.  Plaintiff is and, at all times relevant hereto, is a paraplegic that has been legally handicapped and is therefore a member of a protected class under the FHA.

9.      Mr. Morgan is a retired Staff Sergeant in the Air Force. Both of his legs were paralyzed due to injuries sustained while on a Special Forces operation in South America.

10.     Defendant Cherry Street Apartments, Ltd., is a Texas limited partnership located at 16800 Westgrove Drive, Suite 100, Addison, Texas 75001, and may be served with process through its registered agent, Warner E. Stone, at that address.  Upon information and belief, said Defendant is the owner and participated in the design and construction of the Property.

11.     Defendant KWA Construction, L.P., is a Texas limited partnership located at 16800 Westgrove Drive, Suite 100, Addison, Texas 75001, and may be served with process through its registered agent, Daniel H. Bruce, at that address.  Upon information and belief, said Defendant is the general contractor and participated in the design and construction of the Property.

### IV.
### STATUTORY BACKGROUND

A.      **The FHA**

12.     Congress enacted the FHA design and construction accessibility requirements as part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability. The debates and legislative history of the FHA reflect Congressional findings that a person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling by steps or thresholds at building or unit entrances and by too narrow doorways as by a posted sign saying "No Handicapped People Allowed." In considering the 1988 disability

amendments to the FHA, Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers who fail to construct dwellings and public accommodations accessible to and useable by people with disabilities. HR. REP. NO. 100-711, at 25(1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2186.

13.      In response to Congressional findings, the FHA mandated that every multi-family apartment building containing four (4) or more units and built for first occupancy after March 13, 1991 ("covered multi-family dwellings") be subject to certain design and construction requirements. Congress specifically rejected the approach of requiring only a specific number or percentage of units be fully accessible. Instead, Congress decided that all covered multifamily dwellings units must comply with the Act's design and construction requirements. All ground floor units must comply with the following requirements, as must all units served by an elevator:

> a)      Public-use and common-use areas that are readily accessible to, and usable by, people with disabilities;
>
> b)      Doors into and within covered units that are sufficiently wide to allow passage by people in wheelchairs;
>
> c)      An accessible route into and through the dwelling;
>
> d)      Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;
>
> e)      Reinforcements in bathroom walls that allow for the later installation of grab bars; and
>
> f)      Usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

Congress viewed the accessibility requirements imposed by § 3604(f)(3)(C) as "modest." It did not intend to impose "unreasonable requirements" or a "standard of total accessibility," but rather saw the "basic features" required by § 3604(f)(3)(C) as amounting to "minimal standards" that would be "easy to incorporate in housing design and construction. Furthermore, according to the House Report, the § 3604(f)(3)(C) requirements could be met without making new multi-family housing "look unusual" and without "significant additional costs."

14.     Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated final FHA design and construction regulations in January 1989, see 24 C.F.R § 100.205 (2008), and published the final Fair Housing Act Accessibility Guidelines on March 6, 1991 (hereinafter "FHAAG") which incorporates the requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people, A117-I-1986 (hereinafter "ANSI"), see 56 Fed.Reg. 9472 (Mar. 6, 1991), and the Fair Housing Act Design Manual in August 1996, which was revised in August 1998.

## V.
## FACTUAL BACKGROUND

### A.     The "Property".

15.     The "Cherry Street Apartments at Northgate" is an apartment complex located at 200 Cherry Street, College Station, Texas 77840.  The Property consists of approximately 128 units.  The apartment building is served by elevators.

16.     The Property described above was designed and constructed for first occupancy after March 31, 1991.

17.     The Property contains "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604 (f)(7).

18.     The covered multifamily dwellings at the Property are subject to the requirements of 42 U.S.C. § 3604 (f). These include all ground floor units.

19.     The final certificate of occupancy for the Property was issued less than two (2) years prior to the filing of this action.

**B.     Plaintiff's Investigation.**

20.     Plaintiff was researching apartments.  Plaintiff visited the Property and looked at one or more apartments.  Plaintiff observed that there were accessibility problems that would interfere with his ability to navigate his wheelchair through and otherwise access the facilities.

21.     The existence of barriers and the lack of accessible features deterred Plaintiff from renting an apartment at the Property.

22.     As a result of Defendants' non-compliance with the FHA, Plaintiff, unlike persons without disabilities, cannot independently use the Property.

23.     Defendants' apartments lack various mandatory elements required by the FHA, to make the apartments accessible and useable for people with disabilities.

24.     As a disabled veteran, Plaintiff is concerned whether rental units are accessible and useable for people with disabilities.

25.     Plaintiff has been injured by the Defendants' discriminatory practices and failure to design and/or construct apartments that are constructed with accessible and useable features for people with disabilities as required by the FHA. These injuries include experiencing discrimination and being deterred from renting at the Property.  These blatant violations effectively communicate that people with disabilities are not welcome at the "Properties".

26.     Without injunctive relief, Plaintiff and others will continue to be unable to fully access and use the Property in violation of their rights under the FHA.

**C.     FHA Violations.**

27.     The Defendants' violations of 42 U.S.C. § 3604(f)(3)(C) at the Property include, but are not limited to, those outlined below. These allegations represent just some of the evidence of the Defendants' failure to design and construct covered units and the public and common use areas in accord with 42 U.S.C. §3604(f)(3)(C) and are not intended as an exhaustive inventory of such violations. Plaintiff anticipates that an inspection of the Property will identify additional violations.

28.     The Defendants have failed to design and/or construct public and common-use areas that are readily accessible to and usable by people with disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. §100.205(c)(1) (2008) and the 2010 Standards for Accessible Design under the Americans With Disabilities Act.  For example:

    a)      Some of the tenant mailboxes were not accessible.

    b)      There were steps in some routes leading to site amenities.

29.     The Defendants have failed to design and/or construct accessible routes into and through all units within covered dwellings in compliance with 42 U.S.C. § 3604 (f)(3)(C)(iii)(I) and 24 C.F.R. § l00.205(c)(3)(i) (2008). For example:

    a)      The accessible route through certain units is less than the 36" required minimum.

    b)      Some units contain interior doors that are inaccessible because they do not provide nominal clearance of 32".

30.     The Defendants have failed to design and/or construct usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § l00.205(c)(3)(iv)(2008). For example:

        a)     Bathrooms are inaccessible because they lack the requisite clear floor space at the vanities and toilets.

        b)     Bathrooms in some units are inaccessible because they lack maneuvering space at toilets.

31.     Further, by failing to provide the accessible and useable features required by 42 U.S.C. § 3604(f)(3)(C) at the Property for people with physical disabilities, including but not limited to those outlined above, the Defendants have violated 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

**VI.**
**CAUSE OF ACTION**

**For violation of the FHA, 42 U.S.C. § 3601, et seq.**

32.     The allegations in the preceding paragraphs are incorporated by reference.

33.     The Property contains residential apartment units that are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).

34.     At the Property, all ground-floor units and units served by elevators are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA. The public- and common-use areas of the Property are also subject to the design and construction requirements of 42 USC. § 3604(f)(3)(C).

35.     Through the actions and inactions described above, the Defendants have:

    a)     discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(1);

    b)     discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2); and

    c)     failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008).

36.     The Defendants' discriminatory conduct has damaged Plaintiff.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a.     A Declaratory Judgment that at the commencement of this action the Defendants were in violation of the specific requirements of the FHA, described above, and the relevant implementing regulations of the FHA;

b.     An injunction, pursuant to 42 U.S.C. § 3613(c)(l)(a), enjoining the Defendants, their officers, directors, employees, agents, successors, assigns and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently from:

1.      with regard to the Property, failing or refusing to bring the covered dwelling units and the public use and common use areas into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C), the Americans with Disabilities Act ("ADA") and the applicable regulations; to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them;

2.      failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

3.      failing or refusing to take such steps as will eliminate, to the fullest extent practicable, the lingering effects of the Defendants' unlawful housing practices.

c.      An injunction enjoining the Defendants from failing or refusing to permit the survey of any of their covered properties that were designed and/or built by the Defendants and any retrofits ordered by the Court to be made at such property, to also comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the Defendants;

d.      Award such damages as would fully compensate Plaintiff for his injuries incurred as a result of the Defendants' discriminatory housing practices and conduct, pursuant to 42 U.S.C. § 3613(c)(1)(a);

e.      Award such punitive damages against the Defendants as is proper under law, pursuant to 42 U.S.C. § 3613(c)(1)(a);

f.      Payment of costs of suit;

g.      Payment of reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 3613(c)(2), and other principles of law and equity; and

h.      The provision of whatever other relief the Court deems just, equitable and appropriate.

## VII.
## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated:  May 14, 2018.

Respectfully Submitted,

CALHOUN &ASSOCIATES

*/s/ Eric G. Calhoun*
Eric G. Calhoun
Texas Bar No. 03638800
1595 N. Central Expressway
Richardson, Texas 75080
(214) 766-8100
(214) 308-1947 Fax
eric@ecalhounlaw.com
egcla@ecalhounlaw.com (Assistant)

ATTORNEYS FOR PLAINTIFF